**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>I-70 Hotel Corporation, a Kansas corporation; MAS Hotel Group Corporation, a Kansas corporation; and Shamir Bhakta, a Kansas resident,<br><br>Defendants. | No. CV-11-1281-PHX-LOA<br><br>**ORDER** |

This case arises on Plaintiff Best Western's Motion to Amend Scheduling Order and Motion for Leave to File Second Amended Complaint, filed on March 7, 2012. (Docs. 62-63)

Plaintiff seeks to extend the scheduling order's November 28, 2011 deadline to amend pleadings and file a Second Amended Complaint which adds three new defendants, Defendant Shamir Bhakta's father, mother and another relative who apparently live in Kansas, for allegedly violating the Uniform Fraudulent Transfer Act, and a new claim against the current Defendants. (Doc. 63 at 2)  The proposed Second Amended Complaint also asserts trademark infringement, dilution, and unfair competition claims against two of the proposed defendants based on their alleged false representations that the hotel property owned by Defendant MAS Hotel Group was a Best Western member. (*Id.*) Plaintiff alleges amendment is necessary due to "Defendants' apparent attempt to commit fraud and hinder, delay, and defraud Best Western's attempt to enforce any judgment that it receives against

1  the [current defendants] in this litigation, which was not confirmed until []" "Defendants
2  (untimely) responded to Best Western's second set of discovery requests on March 2, 2012."
3  (*Id.*; doc. 62 at 4) Additionally, granting Plaintiff's motions may, but will not significantly,
4  require the Court to alter the scheduling order's current deadlines as the deadline to disclose
5  all known witnesses, exhibits, and other matters under Rule 26(a)(3) is not until June 25,
6  2012, and the deadline for completion of discovery is not until July 27, 2012. (Doc. 27)

7  Defendants oppose Plaintiff's motion for leave to amend because, among others, the
8  new defendants are not parties to any contract with an Arizona choice-of-venue provision
9  such that "[t]he proposed amendments are futile and not within the jurisdiction of the U.S.
10 District Court, Arizona District." (Doc. 68 at 9-10) Defendants apparently contend that the
11 District Court of Arizona does not have personal jurisdiction over the new out-of-state
12 defendants. Alternatively, Defendants ask that, if the Kansas defendants are added, the
13 scheduling order be amended to provide all parties adequate time to conduct discovery,
14 prepare, and name any experts as necessary.

15 Conversely, Plaintiff argues that the District Court of Arizona has specific personal
16 jurisdiction "over the proposed additional defendants because they knew Best Western was
17 a resident of Arizona, knew that Best Western sued the current Defendants in Arizona, the
18 additional defendants knowingly caused damage to Best Western in Arizona, and they
19 engaged in conduct intended to hinder or delay execution of any judgment that this Court
20 issues in the matter pending before this Court." (Doc. 70 at 8) Plaintiff relies on the "effects
21 test" to establish specific personal jurisdiction in Arizona over the new defendants, citing
22 *Calder v. Jones*, 465 U.S. 783 (1984); *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d
23 1107, 1111 (9th Cir. 2004); *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 899 (9th Cir.
24 2002); *Wheaton Equip. Co. v. Franmar, Inc.*, 2009 WL 464337, * 11 (D.Idaho Feb. 24,
25 2009).

26 "There are two forms of personal jurisdiction that a forum state may exercise over a
27 nonresident defendant - general jurisdiction and specific jurisdiction." *Boschetto v. Hansing*,
28 539 F.3d 1011, 1016 (9th Cir. 2008). Specific jurisdiction over an out-of-state defendant

- 2 -

1 exists where: (1) the defendant has purposefully directed his or her activities at residents of 2 the forum state or the forum state itself; (2) the plaintiff's claim arises out of, or relates to, 3 those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. 4 *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 802 (9th Cir. 2004); *see also* 5 *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Even under Rule 12(b)(2) without 6 holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of 7 jurisdiction to avoid the defendant's motion to dismiss." *Harris Rutsky & Co. Ins. Servs. v.* 8 *Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

9 The Court believes it the better practice to resolve issues of jurisdiction pursuant to 10 Rules 56 or 12(b)(2), Fed.R.Civ.P., rather than on a motion to amend complaint pursuant to 11 Rules 16 and 15, especially where, as here, plaintiff has established a colorable claim of 12 specific personal jurisdiction over the proposed out-of-state defendants.

13 After considering the briefing, including Defendants' opposition thereto, doc. 68, the 14 Court finds Plaintiff's requests were timely asserted and are supported by good cause. 15 *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The 16 pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the 17 party seeking the extension.") (citation and internal quotation marks omitted); *Johnson v.* 18 *Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("good cause" means the 19 scheduling deadlines cannot be met despite the party's diligence.").

20 Based on the foregoing,

21 **IT IS ORDERED** that Plaintiff Best Western's Motion to Amend Scheduling Order 22 and Motion for Leave to File Second Amended Complaint, docs. 62-63, are **GRANTED**. 23 Pursuant to LRCiv 15.1, as amended, Plaintiff "must file and serve the [Second Amended 24 Complaint] on all [current defendants] under Rule 5 of the Federal Rules of Civil Procedure 25 **within fourteen (14) days** of the filing of the order granting leave to amend[]" and promptly 26 serve the new defendants, no later than **30 days** from the entry date of this order unless 27 extended by the Court upon a showing of good cause. LRCiv 15.1 (emphasis added).

28

1      **IT IS FURTHER ORDERED** that after the new defendants appear herein, another
2  scheduling conference will be held to set an amended scheduling order to allow all parties
3  sufficient time to reasonably prepare for trial.
4      Dated this 9th day of April, 2012.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge